IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AUTO INJECTION TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> GSK PLC, <br><br> Defendant. | Case No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Auto Injection Technologies LLC ("AIT" or "Plaintiff") for its Complaint against Defendant GSK plc ("GSK" or "Defendant") for patent infringement, alleges as follows:

**THE PARTIES**

1. AIT is organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Suite 140, Marshall, Texas 75670.

2. Upon information and belief, Defendant GSK, is a corporation duly organized and existing under the laws of Great Britan, with a place of business located at 79 New Oxford Street, London, United Kingdom, WC1A 1DG, and may be served pursuant to the provisions of the Hague Convention.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

4.     This Court has specific and personal jurisdiction over the Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute.  Upon information and belief, the Defendant has sufficient minimum contacts with this forum because Defendant transacts substantial business in the State of Texas and in this Judicial District. Further, the Defendant has, directly or through intermediaries, committed and continues to commit acts of patent infringement in the State of Texas, and places its products and/or services, including those accused herein of infringement, into the stream of commerce which terminates in the Judicial District of the Eastern District of Texas, as alleged more particularly below.  For example, on information and belief, the Accused Products are available for purchase in this Judicial District.

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendant is a foreign company that may be sued in any Judicial District, including the Eastern District of Texas. The Defendant is subject to personal jurisdiction in this Judicial District and has committed acts of patent infringement in this Judicial District.  On information and belief, the Defendant through its own acts and/or through the acts intermediaries, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District, such that this venue is a fair and reasonable one.

## PATENT-IN-SUIT

6.     On December 27, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,083,127 (the '127 Patent) entitled "Slave Wheel Counter Mechanism Useable With An Inhaler."  A true and correct copy of the '127 Patent is available at https://patentimages.storage.googleapis.com/55/bd/f1/013d1f27c7058c/US8083127.pdf.

7. AIT is the sole and exclusive owner of all right, title, and interest in the '127 Patent (collectively, the "Patent-in-Suit" or "Asserted Patent") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit.  AIT also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

8. The Patent-in-Suit generally covers systems directed at medicament dosing, dispensing, and delivery.

9. The '127 Patent is directed at monitoring the remaining doses in an inhaler.  It was invented by Stephen J. Minshull, Duncan G. Young, Andrew J. Ledgeway, Simon P. Wells, Graham K. Lacy, and Julian F. R. Swan during their time at what is now Sanofi-Aventis Deutschland GmbH.

10. Upon information and belief, Defendant has had knowledge and notice of the Patent-in-Suit, and its infringement thereof, since it issued.  Defendant was a direct competitor to Sanofi-Aventis Deutschland GmbH, and upon information and belief, monitored or was otherwise aware of its patented inventions due to Sanofi-Aventis Deutschland GmbH's impact on Defendant's market position.  Alternatively, to the extent that Defendant avoided actual knowledge of the Patent-in-Suit, and its infringement thereof, it was willfully blind.  Upon information and belief, to the extent it lacked actual knowledge of infringement, Defendant deliberately avoided learning of infringement despite subjectively believing that there was a high probability that it infringed Sanofi-Aventis Deutschland GmbH patents, and specifically the Patent-in-Suit.  Upon information and belief, Defendant has adopted a policy or practice of not reviewing the patents of others, including those related to Defendant's specific industry and Sanofi-Aventis Deutschland

GmbH in particular, thereby remaining willfully blind to the Patent-in-Suit. Upon information and belief, Defendant lacks written policies disseminated to employees regarding monitoring or avoidance of patent infringement by Defendant and lacks mechanisms for employees to report patents which they believe Defendant may infringe. Upon information and belief, Defendant and its employees understood that there was a high likelihood that patents filed on innovations by Sanofi-Aventis Deutschland GmbH read on the Accused Products based on their widely publicized R&D programs and competitor status.

11.     Defendant has infringed and continues to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import of inhaler devices (the "Accused Products"). For example, the Trelegy.

12.     For example, the Trelegy website (https://www.trelegy.com/) has the GSK trademark attached to it.



13.     For example, the Trelegy website's legal notice is copyrighted by GSK.



14.     For example, GSK's Annual Financial Report lauds Trelegy as the "number one brand in COPD and asthma globally."[2]

15.     For example, GSK tracks U.S. earnings on a quarterly basis.[3]

## COUNT I
### (Infringement of the '127 Patent)

16.     Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17.     AIT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '127 Patent.

18.     Defendant infringes, contributes to the infringement of, and/or induces infringement of the '127 Patent by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States products and/or methods covered by one or more claims of the '127 Patent including, but not limited to, at least the Accused Products.

---

[1] https://us.gsk.com/en-us/legal-notices/ (redirected from the "Legal Notices" link on trelegy.com, last visited: March 8, 2025)
[2] https://www.gsk.com/media/11850/annual-report-2024.pdf
[3] https://www.gsk.com/media/11646/q3-2024-results-announcement.pdf

19. Defendant has directly infringed and continues to directly infringe the '127 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '127 Patent.  Upon information and belief, the Accused Products practice the methods and systems covered by the '127 Patent.

20. For example, Defendant has and continues to directly infringe at least claim 9 of the '127 Patent by making, using, offering to sell, selling, and/or importing into the United States products which comprise an inhaler, comprising: an air channel for delivering a medicament; a counter indicating a number of doses of the medicament that have been dispensed or that remain, wherein the counter comprises a first indicator member which moves one increment for each dose of the medicament that is delivered and a second indicator member which moves one increment for every n doses of medicament that are delivered, where n is greater than 1.

21. The Accused Products are inhalers.  For example, the Trelegy device is an inhaler.



https://www.trelegy.com/using-trelegy/how-to-use-trelegy/, Last Accessed on July 27, 2022

22. The Accused Products comprise an air channel for delivering a medicament.  For example, the Trelegy device comprises an air channel to dispense the medicament through the inhaled to the user.

> The mechanical function required for activation simultaneously performs five functions: 1) advances one blister per strip, aligning with the mouthpiece manifold airflow path; 2) peels the foil laminate(s) to expose the contents of the blister(s) for inhalation; 3) collects the used portion(s) of foil laminate(s); 4) drives the dose counter gears to move the dose counter display by a one unit decrease; and 5) provides an audible "click" at the end of the actuation stroke of the mouthpiece cover.

https://www.liebertpub.com/doi/10.1089/jamp.2015.1223, Last Accessed on July 27, 2022

23.     The Accused Products comprise a counter indicating a number of doses of the medicament that have been dispensed or that remain, wherein the counter comprises a first indicator member which moves one increment for each dose of the medicament that is delivered and a second indicator member which moves one increment for every n doses of medicament that are delivered, where n is greater than 1. For example, the Trelegy device tracks the remaining doses of medicament the user has, and decrements the remaining doses. To accomplish this the device has two counters, a tens counter and a ones counter.



https://www.liebertpub.com/doi/10.1089/jamp.2015.1223, Last Accessed on July 27, 2022

24.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '127 Patent, as provided by 35 U.S.C. § 271(b), by knowingly and intentionally inducing infringement by others, such as Defendant's customers and end-users, in this District and

elsewhere in the United States. For example, Defendant's customers and end-users directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Accused Products. Defendant induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Defendant's inducement, Defendant's customers and end-users use the Accused Product in a way Defendant intends and they directly infringe the '127 Patent. Defendant performs these affirmative acts with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '127 Patent, but while remaining willfully blind to the infringement.

25.   Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '127 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '127 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '127 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the '127 Patent. Defendant performs these

affirmative acts with knowledge of the '127 Patent and with intent, or willful blindness, that it causes the direct infringement of the '127 Patent.

26. AIT is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287, and therefore the limitation of damages provision of 35 U.S.C. § 287(a) is not applicable with respect to the '127 Patent.

27. AIT has suffered damages as a result of Defendant's direct and indirect infringement of the '127 Patent in an amount to be proved at trial.

28. AIT has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '127 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AIT prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant directly and/or indirectly infringes one or more claims the Patent-in-Suit;

b. Entry of judgment declaring that Defendant's infringement of the Patent-in-Suit is willful;

c. An order awarding damages sufficient to compensate Plaintiff for Defendant's infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, including supplemental damages post-verdict, together with pre-judgment and post-judgment interest and costs;

d. Enhanced damages pursuant to 35 U.S.C. § 284;

  e. Entry of judgment declaring that this case is exceptional and awarding Plaintiff its costs and reasonable attorney fees pursuant to 35 U.S.C. § 285;

  f. An accounting for acts of infringement;

  g. Such other equitable relief which may be requested and to which the Plaintiff is entitled; and

  h. Such other and further relief as the Court deems just and proper.

Dated: April 9, 2025        Respectfully submitted,

               /s/ *Vincent J. Rubino, III*
               Vincent J. Rubino, III
               NY Bar No. 4557435
               Email: vrubino@fabricantllp.com
               Peter Lambrianakos
               NY Bar No. 2894392
               Email: plambrianakos@fabricantllp.com
               **FABRICANT LLP**
               411 Theodore Fremd Avenue,
               Suite 206 South
               Rye, New York 10580
               Telephone: (212) 257-5797
               Facsimile: (212) 257-5796

               ***ATTORNEYS FOR PLAINTIFF***
               ***AUTO INJECTION TECHNOLOGIES LLC***